B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Morton Industrial Group, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NONE | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>38-0811650 | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1021 W. Birchwood Street<br>Morton, Illinois<br>ZIP CODE 61550 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Tazewell | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>c/o Paul Hastings Janofsky & Walker LLP<br>191 N. Wacker Dr., 30th Floor, Chicago, IL<br>Attn: Richard A. Chesley, Esq.<br>ZIP CODE 60606 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

B 1 (Official Form 1) (1/08)                                                                                                    **Page 2**

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Morton Industrial Group, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed:  NONE | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:<br>   See attached Rider 1 | Case Number: | Date Filed: |
| District:   District of Delaware | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br> Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

                    _____
                    (Name of landlord that obtained judgment)

                    _____
                    (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B 1 (Official Form) 1 (1/08)                                                                                                              Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>Morton Industrial Group, Inc. |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

X *Paul N. H* _____
   Signature of Attorney for Debtor(s)

Printed Name of Attorney for Debtor(s)
   Paul N. Heath

Firm Name
   Richards, Layton & Finger, P.A.

Address One Rodney Square
   920 North King Street
   Wilmington, Delaware 19801
   (302) 651-7700

Telephone Number
   03/22/09

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

Frank C. Lukacs
Printed Name of Authorized Individual
   President and Chief Executive Officer

Title of Authorized Individual
   03/22/09

Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## RIDER I

**Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates
Each Concurrently Filed in the United States Bankruptcy Court
for the District of Delaware**

On the date of this petition, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

1. MMC Precision Holdings Corp.[1]

2. Morton Metalcraft Co. of North Carolina

3. Morton Metalcraft Co.

4. B&W Metal Fabricators, Inc.

5. Morton Metalcraft Co. of Pennsylvania

6. Morton Technical Services, Inc.

7. Morton Metalcraft Co. of South Carolina

---

[1]     MMC Precision Holdings Corp. was the first of these affiliates to commence its chapter 11 case.

# CERTIFICATE OF THE SECRETARY
# OF MORTON INDUSTRIAL GROUP, INC.

Dated:  March 19, 2009

I, Steven G. Waibel, Vice President and Secretary of Morton Industrial Group, Inc., a Delaware corporation (the "Company"), do hereby certify the following at and as of the date hereof:

       (i)      I am the duly elected, qualified and acting Secretary of the Company;

       (ii)     attached as Annex A hereto is a true, accurate and complete copy of the resolutions (the "Resolutions") adopted by a vote of the Company's Board of Directors at a meeting of the Board of Directors duly held on March 19, 2009;

       (iii)    such Resolutions were adopted by the Board of Directors in accordance with the terms of the Company's organization documents; and

       (iv)    such Resolutions have not been amended, modified or rescinded since adopted, and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of the date first set forth above.

Name:  Steven G. Waibel
Title:  Vice President and Secretary

# ANNEX A

## MORTON INDUSTRIAL GROUP, INC.

### Minutes of a Special Meeting of the Board of Directors

March 19, 2009

A special meeting of the Board of Directors (the "Board of Directors") of Morton Industrial Group, Inc., a Delaware corporation (the "Company"), was held at the Company's offices at approximately 8:30 a.m. on March 19, 2009 (the "Meeting").

Michael D. Salim, Lucas T. Cutler, Patrick K. McGee, Mark W. Mealy, Frank C. Lukacs and Ron Cucuz, constituting all of the members of the Board of Directors, were present in person or telephonically. Also attending the Meeting was Jared D. Yerian, Scott R. Hamilton, Nick Heinz, Alan Lee, Joe Kacergis, Richard A. Chesley, Ameer I. Ahmad and Hilla Uribe Jimenez.

Mr. Salim, as Chairman of the Meeting, confirmed that all participants could hear and be heard. There being a quorum present, Mr. Salim called the Meeting to order in accordance with the laws of the State of Delaware and the Bylaws of the Company.

At the Meeting, the advisory firm of AlixPartners, LLC ("AlixPartners") advised the Board of Directors regarding the Company's current and prospective economic position and the law firm of Paul, Hastings, Janofsky & Walker LLP ("PHJW," AlixPartners and PHJW, collectively, the "Advisors") advised the Board of Directors with respect to certain employee obligations and potential bankruptcy issues. At the Meeting, the Board of Directors discussed (i) the current state of the Company, including, but not limited to the Company's financial status and liquidity position and (ii) a potential chapter 11 bankruptcy filing, including the implications of such an action. At the Board of Directors' request, Mr. Lukacs and the Advisors confirmed that the Company had paid or made proper provisions to pay all payroll, payroll taxes, sales taxes, benefits and other obligations for which officers or directors could have liability. Further, at the Board of Directors' request, AlixPartners and Mr. Lukacs recommended that the Board of Directors approve the actions contemplated by the proposed resolutions and PHJW advised the Board of Directors that the Board of Directors had an adequate basis for exercising its business judgment to approve the proposed resolutions. After a lengthy discussion that included the input and advice of the Advisors, the Board of Directors concluded that it is in the best interest of the Company to proceed with the filing of a chapter 11 bankruptcy case.

Upon a motion made and duly seconded, the following resolutions were unanimously adopted by voice vote of the Board of Directors and Mr. Lukacs:

WHEREAS, in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties to file a voluntary petition (the "Petition") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and the Board of Directors wishes to approve such action; and

WHEREAS, in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and

other interested parties that the Company shall be, and the Company hereby is, authorized to enter into a debtor-in-possession financing agreement with its lenders (the "DIP Facility") to maintain its business operations after the filing of the Petition, including, but not limited to the granting of a security interest in substantially all of the assets of the Company; and

WHEREAS, in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that the Company shall be, and the Company hereby is, authorized to implement an incentive-based bonus program for certain executives and other critical employees of the Company (the "Sale Bonus Plan") to incentivize their full dedication to the sale effort of the Company, while simultaneously operating the Company's business after the filing of the Petition;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that the Company shall be, and the Company hereby is, authorized to file the Petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

FURTHER RESOLVED, that PHJW shall be, and hereby is, employed as bankruptcy counsel for the Company under general retainer; and

FURTHER RESOLVED, that the law firm of Richards, Layton & Finger, P.A. shall be, and hereby is, employed as local bankruptcy counsel for the Company under general retainer; and

FURTHER RESOLVED, that AlixPartners shall be, and hereby is, employed by the Company to perform financial advisory services; and

FURTHER RESOLVED, that any duly elected officer of the Company, including, without limitation, Rodney B. Harrison in his capacity as Vice President or Treasurer and Mr. Lukacs as Chief Executive Officer (each, an "Authorized Person") is hereby authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed the Petition, including the schedules of assets and liabilities, the statement of financial affairs and other ancillary documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with the Petition; and

FURTHER RESOLVED, that any Authorized Person and such officers of the Company as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed requests for first-day relief from the Bankruptcy Court that an Authorized Person may deem necessary, proper, or desirable in connection with the Petition, with a view to the successful prosecution thereunder; and

FURTHER RESOLVED, that any Authorized Person and such officers of the Company as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby

authorized, directed and empowered to cause the Company, as management of the Company deems appropriate to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of the Authorized Person shall be necessary, proper, and desirable to prosecute to a successful completion the Company's chapter 11 case, other obligations, organizational form and structure, and ownership of the Company consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

FURTHER RESOLVED, that any Authorized Person and such officers of the Company as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby authorized, directed and empowered, in the name of and on behalf of the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of the Authorized Person shall be necessary, proper, and desirable to obtain the DIP Facility and implement the Sale Bonus Plan;[1] and

FURTHER RESOLVED, that any Authorized Person and such officers of the Company as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed requests for approval from the Bankruptcy Court, which shall include some or all of the following requests (i) for authority to enter into the DIP Facility; (ii) for authority to implement the Sale Bonus Plan; (iii) for authority to retain PHJW as the Company's bankruptcy counsel; (iv) for authority to retain Richards, Layton & Finger, P.A. as the Company's local bankruptcy counsel; (v) for authority to retain AlixPartners as the Company's financial advisor and (vi) to obtain such other relief as is deemed necessary.

FURTHER RESOLVED, that any Authorized Person and such officers of the Company as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby authorized, directed and empowered, in the name of and on behalf of the Company, (i) to take or cause to be taken any and all actions, to make or cause to be made all payments (including but not limited to payments of expenses, retainers and filing fees), (ii) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction, and (iii) to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, and the execution and delivery thereof by the Authorized Person to be conclusive evidence of such approval; and

---

[1]    Frank C. Lukacs, who had held positions of President, Chief Executive Officer and Director of the Company in the last 12 months, abstained from voting in respect of the Sale Bonus Plan at the Meeting.

FURTHER RESOLVED, that notwithstanding anything contrary in the foregoing resolutions, in the event that any action to be taken by an Authorized Person in furtherance of the foregoing resolutions adversely affects, or if the Company are advised by their counsel that such action is reasonably likely to adversely affect, the interests of the Company in favor of the interests of any of the Company's Affiliates (as such term is defined in section 101(2) of the Bankruptcy Code), an Authorized Person shall have no authority to take such action unless approved by the independent members of the Board of Directors; and

FURTHER RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved.

*    *    *    *    *

The Board of Directors unanimously approved the minutes of the February 19, 2009, meeting of the Board of Directors. There being no further business to come before the Board of Directors, the Meeting was adjourned at approximately 10:00 a.m.

Steven G. Waibel
Recording Secretary of the Meeting

Approved:

Michael D. Salim
Chairman of the Meeting

# UNITED STATES BANKRUPTCY COURT
# THE DISTRICT OF DELAWARE

--------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Morton Industrial Group, Inc., | : | Case No. 09-_____ (____) |
| a Delaware corporation, | : |  |
|  | : | (Jointly Administered) |
| Debtor. | : |  |

--------------------------------------------------------------x

## LIST OF CREDITORS HOLDING
## THE TWENTY LARGEST UNSECURED CLAIMS

The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors")[1] each filed a voluntary petition in this Court on March 22, 2009 (the "Petition Date") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is a list of the Debtors' twenty largest unsecured creditors on a consolidated basis (the "Top 20 List"), based on the Debtors' books and records as of the Petition Date. The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtors. The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

---

[1]    The Debtors are the following 8 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): MMC Precision Holdings Corp., a Delaware corporation (6899), Morton Industrial Group, Inc., a Delaware corporation (1650), Morton Metalcraft Co., an Illinois corporation (3616), Morton Metalcraft Co. of North Carolina, a North Carolina corporation (0199), Morton Technical Services, Inc., an Illinois corporation (4966), B&W Metal Fabricators, Inc., a North Carolina corporation (1150), Morton Metalcraft Co. of Pennsylvania, a Pennsylvania corporation (4526) and Morton Metalcraft Co. of South Carolina, a South Carolina corporation (2687). The address of each of the Debtors is 1021 W. Birchwood Street, Morton, IL 61550.

## 20 Largest Unsecured Creditors

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME , TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (if secured also state value of security) |
| TOWER SQUARE CAPITAL PARTNERS II, L.P. | C/O BABSON CAPITAL MANAGEMENT LLC ATTN: SANDRA J DELCOLLE 470 ATLANTIC AVE, 9TH FLOOR BOSTON MA 02210 | SUBORDINATION AND INTERCREDITOR AGREEMENT | | $10,514,602.00 |
| TOWER SQUARE CAPITAL PARTNERS II-A, L.P. | C/O BABSON CAPITAL MANAGEMENT LLC ATTN: SANDRA J DELCOLLE 470 ATLANTIC AVE, 9TH FLOOR BOSTON MA 02210 | SUBORDINATION AND INTERCREDITOR AGREEMENT | | $10,516,815.00 |
| TOWER SQUARE CAPITAL PARTNERS II-B, L.P. | C/O BABSON CAPITAL MANAGEMENT LLC ATTN: SANDRA J DELCOLLE 470 ATLANTIC AVE, 9TH FLOOR BOSTON MA 02210 | SUBORDINATION AND INTERCREDITOR AGREEMENT | | $1,109,247.00 |
| MASSMUTUAL CORPORATE INVESTORS | C/O BABSON CAPITAL MANAGEMENT LLC ATTN: SANDRA J DELCOLLE 470 ATLANTIC AVE, 9TH FLOOR BOSTON MA 02210 | SUBORDINATION AND INTERCREDITOR AGREEMENT | | $2,899,034.00 |
| MASSMUTUAL PARTICIPATION INVESTORS | C/O BABSON CAPITAL MANAGEMENT LLC ATTN: SANDRA J DELCOLLE 470 ATLANTIC AVE, 9TH FLOOR BOSTON MA 02210 | SUBORDINATION AND INTERCREDITOR AGREEMENT | | $1,534,783.00 |
| J.D.& COMPANY STEEL PROGRAM | ATTN: JAMES VANDECASTEELE 3400 80TH ST MOLINE IL 61265 | TRADE DEBT | | $3,989,184.19 |
| FERALLOY CORPORATION | ATTN: JACK LOVE 8755 W HIGGINS RD SUITE 970 CHICAGO IL 60631 | TRADE DEBT | | $722,807.49 |
| RYERSON - CHARLOTTE | ATTN: JAMES DOSECK 4400 PEACHTREE INDUSTRIAL BLVD NORCROSS GA 30071 | TRADE DEBT | | $526,918.77 |
| CATERPILLAR STEEL PROGRAM | ATTN: LORNE DAY PO BOX 610 MOSSVILLE IL 61552-0610 | TRADE DEBT | | $482,972.20 |
| HAGERTY STEEL AND ALUMINUM | ATTN: CAROL HEDTKE PO BOX 8130 EAST PEORIA IL 61611-8130 | TRADE DEBT | | $344,836.11 |
| PRAXAIR | 311 S MCCLUN ST BLOOMINGTON IL 61701 | TRADE DEBT | | $271,240.06 |
| CHICAGO TUBE & IRON | 1040 W 11TH ST MILAN IL 61264 | TRADE DEBT | | $212,566.00 |
| ILLINOIS WELD & MACHINE | ATTN: JOE VIRES 3313 N EDEN RD HANNA CITY IL 61536 | TRADE DEBT | | $173,672.24 |
| VALSPAR CORP. - POWDER | PO BOX 1461 MINNEAPOLIS MN 55440 | TRADE DEBT | | $140,334.24 |
| ARLINGTON METALS CORP | 11355 FRANKLIN AVE. FRANKLIN PARK IL 60131 | TRADE DEBT | | $137,052.20 |
| MERIDIAN IT INC | NINE PARKWAY NORTH SUITE 500 DEERFIELD IL 60015-2544 | TRADE DEBT | | $125,183.76 |
| MACHINE & WELDING SUPPLY CO. | PO BOX 1708 DUNN NC 28335 | TRADE DEBT | | $124,042.76 |
| UNIPARTS OLSEN INC. | 1100 EAST LE CLAIRE RD ELDRIDGE IA 52748 | TRADE DEBT | | $119,790.89 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME , TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (if secured also state value of security) |
| DETROIT STREET PROPERTIES LLC | ATTN: DEAN BINGHAM 1200 NETWORK CENTRE DRIVE STE 3 EFFINGHAM IL 62401 | TRADE DEBT | | $112,799.40 |
| T & D METAL PRODUCTS LLC | ATTN: ROGER DITTRICH 602 EAST WALNUT STREET WATSEKA IL 60970 | TRADE DEBT | | $108,663.60 |

## UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF DELAWARE

--------------------------------------------------------------x

In re                                                  :      Chapter 11
                                                       :
Morton Industrial Group, Inc.,                         :      Case No. 09-_____ (____)
a Delaware corporation,                                :
                                                       :      (Jointly Administered)
                  Debtor.                              :
--------------------------------------------------------------x

## DECLARATION CONCERNING THE DEBTOR'S LIST OF CREDITORS
## HOLDING THE TWENTY LARGEST UNSECURED CLAIMS

I, Frank C. Lukacs, President and Chief Executive Officer of Morton Industrial Group, Inc., a Delaware corporation and the entity named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have reviewed the List of Creditors Holding the Twenty Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: March 22, 2009

 

_____

Name:   Frank C. Lukacs
Title:    President and Chief Executive
          Officer

## UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Morton Industrial Group, Inc.,                :    Case No. 09-_____  (____)
a Delaware corporation,                       :
                                              :    (Jointly Administered)
                Debtor.                       :
-------------------------------------------------------------x
```

### CONSOLIDATED LIST OF CREDITORS

   The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors") each filed a petition in this Court on March 22, 2009 for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.  Contemporaneously with the filing of the petition, the Debtors filed a single consolidated list of creditors (the "Consolidated Creditor List"), in lieu of separate lists.  Due to its voluminous nature, the Consolidated Creditor List is being submitted to the Court electronically as an attachment hereto.

[information provided in electronic format]

## UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Morton Industrial Group, Inc.,                :    Case No. 09-_____ (____)
a Delaware corporation,                       :
                                              :    (Jointly Administered)
              Debtor.                         :
-------------------------------------------------------x
```

### DECLARATION REGARDING CONSOLIDATED CREDITOR LIST

      I, Frank C. Lukacs, President and Chief Executive Officer of Morton Industrial Group, Inc., a Delaware corporation and the entity named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have reviewed the Consolidated Creditor List submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: March 22, 2009

                                          _____
                                          Name:  Frank C. Lukacs
                                          Title:   President and Chief Executive
                                                    Officer

## UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
Morton Industrial Group, Inc.,            :    Case No. 09-_____  (____)
a Delaware corporation,                   :
                                          :    (Jointly Administered)
            Debtor.                       :
-----------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

| Name and Last Known Address or Place of Business of Holder | Security Class | Number of Securities/ Kind of Interest |
|---|---|---|
| MMC Precision Holdings Corp. 1021 W. Birchwood Morton, Illinois 61550 | Common stock | 100% interest |

# UNITED STATES BANKRUPTCY COURT
# THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
:
In re                                                 :    Chapter 11
                                                      :
Morton Industrial Group, Inc.,                        :    Case No. 09-_____ (_____)
a Delaware corporation,                               :
                                                      :    (Jointly Administered)
                       Debtor.                        :
----------------------------------------------------------------x

## DECLARATION CONCERNING THE DEBTOR'S LIST
## OF EQUITY SECURITY HOLDERS

I, Frank C. Lukacs, President and Chief Executive Officer of Morton Industrial Group, Inc., a Delaware corporation and the entity named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have reviewed the List of Equity Security Holders submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: March 22, 2009

_____
Name:  Frank C. Lukacs
Title:    President and Chief Executive
             Officer

## UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                             :
In re                                        :   Chapter 11
                                             :
Morton Industrial Group, Inc.,               :   Case No. 09-_____ (____)
a Delaware corporation,                      :
                                             :   (Jointly Administered)
                  Debtor.                    :
-------------------------------------------------------------x
```

### MORTON INDUSTRIAL GROUP, INC.'S STATEMENT PURSUANT
### TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1)

For its Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), Morton Industrial Group, Inc. (the "Debtor") respectfully represents that MMC Precision Holdings Corp. directly or indirectly owns 10% or more of any class of the Debtor's equity interests.

Dated: March 22, 2009          Respectfully submitted,
       Wilmington, Delaware

_____
Paul N. Heath (DE 3704)
Drew G. Sloan (DE 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  heath@rlf.com
        dsloan@rlf.com

        -and-

Richard A. Chesley (IL 6240877)
Gregory S. Otsuka (IL 6270388)
Hilla Uribe Jimenez (IL 6293064)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois  60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  richardchesley@paulhastings.com
        gregoryotsuka@paulhastings.com
        hillajimenez@paulhastings.com

PROPOSED ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION